# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERENCE D. MACLIN, JR.,

           Plaintiff,

v.                                           Case No. 24-CV-1025

BRANDON HORTON, *et al.*,

           Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Terence D. Maclin, Jr., who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (Docket # 1.) Maclin was allowed to proceed on an Eighth Amendment excessive force claim against Defendant Brandon Horton, and an Eighth Amendment failure to intervene claim against Defendant Martin Flemming. (Docket # 8.) The Defendants moved for summary judgment on the grounds that Maclin failed to exhaust his administrative remedies. (Docket # 14.) For the reasons stated below, the Court denies the Defendants' motion for summary judgment on exhaustion grounds.

## PRELIMINARY MATTERS

On January 21, 2025, after the Defendants' motion for summary judgment on exhaustion grounds was fully briefed, Maclin filed a sur-reply. (Docket # 27.) He did not file a motion for leave to file a sur-reply. Whether to grant a party leave to file a sur-reply brief is a question within the court's discretion. "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when

the movant raises new arguments in a reply brief." *Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011) (citing *Schmidt v. Eagle Waste & Recycling, Inc.,* 599 F.3 626, 631 n. 2 (7th Cir. 2010)). While Maclin does not raise new arguments in his sur-reply, he does clarify details regarding the contents of his grievances and when he filed it. The Court will consider the sur-reply where appropriate when deciding the motion for summary judgment on exhaustion grounds.

**FACTS**

On April 9, 2024, while incarcerated at the Milwaukee Secure Detention Facility ("MSDF"), Maclin asked to be escorted back to his cell from the law library. (Docket # 1 at 3.) Defendant Horton attempted to tether Maclin down because he was a prisoner in the Restricted Housing Unit ("RHU"). (*Id.*) Maclin explained he was not to be tethered due to high blood pressure issues. (*Id.*) He also told Horton he did not want Horton to touch him because Horton had been threatening him all week. (*Id.*) Horton went to go get Defendant Flemming as back up. (*Id.*) As Maclin was explaining the situation to Flemming, Horton choked Maclin from behind and put Maclin in a head lock. (*Id.*) Maclin asserts he was not resisting. (*Id.*) As a result of the head lock and due to high blood pressure, Maclin felt weak and dizzy, and experienced chest pains. (*Id.* at 5.)

It is undisputed that there are two relevant inmate complaints—MSDF-2024-6609 and MSDF-2024-7020. (Docket # 16, ¶ 2.) The institution complaint examiner ("ICE") received MSDF-2024-6609 on April 30, 2024. (*Id.*, ¶ 3.) The ICE rejected the inmate complaint on May 3, 2024, because Maclin did not provide sufficient information to support the inmate complaint. (*Id.*, ¶ 4.) The Defendants assert that Maclin did not appeal the rejection of MSDF-2024-6609. (*Id.*, ¶ 5.)

In MSDF-2024-6609, Maclin stated that his blood pressure remained high as a result of "Officer Horton slam[ing] me to the ground." (Docket # 17-2 at 6.) It also lists the date of the incident as April 9, 2024. (*Id.*) Maclin asserts that he appealed the rejection of MSDF-2024-6609, but the ICE mistakenly logged it as a continuance of his second inmate complaint, MSDF-2024-7020. (Docket # 23 at 4.) Maclin notes that MSDF-2024-7020 complains about another incident with Horton that occurred on April 10, 2024, wherein Horton bragged about putting Maclin in a choke hold the day before. (Docket # 17-3 at 8.) He states that he submitted this inmate complaint at the same time he appealed the rejection of MSDF-2024-6609. (Docket # 23 at 4.) He notes he submitted on a Form DOC-0400B8 because the DOC 405 Forms, which are the appeal forms, were not available. (*Id.*) He states that non-defendant Officer Williamson told him it was okay to use a Form DOC-04008. (*Id.*)

This "appeal" was not documented as an appeal but considered by the ICE as part of MSDF-2024-7020, wherein Maclin was continuing to provide detail for the subject of MSDF-2024-7020. (Docket # 17-3 at 10.) The "appeal" stated, "I'm writing regarding the incident that took place on 4/09/24 with Officer Horton. Leading up to 4/09/24 Officer Horton had been provoking me and threatening me." (*Id.*) He then described the situation with his high blood pressure and his subsequent encounter with Horton. (*Id.*) Maclin specifically stated that "while I was talking Officer Horton put me in choke hold and proceeded to try and throw me to the ground, while on the ground, he had one hand on my chin and another on my forehead screaming 'you think it's a game.'" (*Id.*) Maclin also stated that as a result of his encounter, his blood pressure remained high and he was dizzy. (*Id.*)

The ICE recommended dismissal of MSDF-2024-7020 because she determined that Horton did not use excessive force when placing him in a choke hold. (Docket # 17-3 at 2.) The reviewing authority accepted the ICE's recommendation and dismissed MSDF-2024-7020. (*Id.* at 4.) Maclin does not dispute that he did not appeal MSDF-2024-7020. (ECF No. 23 at 3.) However, he points out that he thought he was appealing the rejection of MSDF-2024-6609. (*Id.*; Docket # 27 at 1.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a

genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

*1. Applicable Law and Procedure on Exhaustion*

The Prison Litigation Reform Act ("PLRA") states in part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

The Wisconsin Department of Corrections' procedures for prisoners exhausting administrative remedies are contained in Wis. Admin. Code Ch. DOC 310 (2018). "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin Code § DOC 310.01(1). The Inmate Complaint Review System ("ICRS") is the main process an inmate

must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. Before filing a formal written inmate complaint, "an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." Wis. Admin Code § DOC 301.07(1). An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the ICE may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i), including where a prisoner does not provide sufficient information to support a complaint. An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements. Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days to correct the deficiencies. Wis. Admin. Code § DOC 310.10(5).

Once the ICE accepts the complaint, the ICE makes a recommendation to the Reviewing Authority. Wis. Admin. Code § DOC 310.10(12). The Reviewing Authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner ("CCE"). Wis. Admin. Code § DOC 310.12(1). Appeals may not exceed 500 words and may not exceed two pages. Wis. Admin. Code § DOC 310.09(2)(e).

The CCE then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The CCE "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days in which to make a decision following receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the CCE's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4)

2. *Application to this Case*

The Defendants argue that Maclin did not properly exhaust his administrative remedies because his grievances either did not put the institution on notice of the issue, or he did not complete the exhaustion process. The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The Defendants argue that Maclin did not appropriately exhaust his grievances by following the prescribed procedures. Maclin asserts that the ICE, by mistaking his appeal of the rejection of MSDF-2024-6609 as a continuance of MSDF-2024-7020, precluded him from being able to fully exhaust the issue. Maclin does not dispute that he did not fully exhaust MSDF-2024-7020.

An inmate can overcome his failure to exhaust his administrative remedies only

where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). A prisoner can show that a grievance process was unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates;' (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 578 U.S. 632, 633–34 (2016)).

Here, the main complaint of MSDF-2024-7020, written on DOC-400, concerns an event that took place on April 10, 2024. (Docket # 17-3 at 8.) The "appeal," (*Id.* at 10), written on form DOC-400B, clearly stated that he is providing more detail about the incident that took place on April 9, 2024, which was the subject of MSDF-2024-6609. While Maclin did use the wrong form, he states that the correct form was unavailable, and staff told him to use the form DOC-400B. (Docket # 23 at 4.). That the two complaints were on different forms support Maclin's position that he intended one to serve as an appeal of the rejection and that the ICE mistakenly attached the two forms together.

The Defendants argue that even if the ICE accepted the "appeal" as an appeal of the rejection of MSDF-2024-6609, it would not matter because the reviewing authority can only review the basis for the rejection of the complaint. (Docket # 26 at 2.) The Defendants further argue that "[i]t follows then that an inmate cannot cure defects in his original complaint through new information presented in his appeal (akin to the rule that a federal litigant cannot amend his complaint on appeal)." (*Id.*)

Generally, it is true that "when a complaint is rejected for procedural reasons, it cannot satisfy the exhaustion requirement even if appealed." *Parker v. Almonte-Castro,* No.

21-CV-509-BBC, 2022 WL 2274875 at *4 (W.D. Wis. June 23, 2022). However, "[b]ecause inmates must follow the ICRS rules to properly exhaust, *sometimes* the rejection of an offender complaint demonstrates that the plaintiff did not follow the rules and therefore did not properly exhaust." *Lindell v. Greff*, No. 19-C-287, 2021 WL 718237 at *3 (E.D. Wis. Feb. 24, 2021) (emphasis added). In other words, the general rule does not always apply. A "plaintiff would escape the consequences of the general rule if the procedural requirement at issue prevents him from obtaining a meaningful opportunity to present his grievance." *Id.* (quotations omitted). Courts have held that where an ICE examiner's interpretation and application of a requirement, including an erroneous application of a provision or mishandling of a submitted grievance, obstructs a plaintiff from obtaining a meaningful opportunity to present his grievance, the plaintiff is not obligated to exhaust his remedies. *See Henderson v. Aldana*, 20-CV-555-JPS, 2023 WL 4868568 at *6 (E.D. Wis. July 31, 2023); *Jones v. Frank*, 07-cv-141-bbc, 2008 WL 4190322 at *3 (W.D. Wis. April 14, 2008). While courts "must give deference to prison officials regarding interpretation and application of their own grievance procedures," where a plaintiff is not given a meaningful opportunity to correct his mistakes, a court can find the plaintiff was unable to exhaust. *Id.*; *see also Dole*, 438 F.3d at 810-12.

      Maclin attempted to follow the correct procedure, and the obstacles put in his way by the ICE were not his fault. The ICE made a clear error in considering his appeal of the rejection as a continuance of MSDF-2024-7020. This error prevented Maclin from being able to correct his mistake because he was never given notice that the rejection was upheld and he would have to refile the inmate complaint.

      Additionally, because the ICE considered the "appeal" of MSDF-2024-6609 as a

continuance of MSDF-2024-7020, which was investigated by the institution, the institution was put on notice of the issue. While Maclin ultimately did not appeal MSDF-2024-7020, given the confusion caused by the ICE's misclassification of his "appeal," it does not much matter. Summary judgment on exhaustion grounds is denied.

## CONCLUSION

For the reasons stated above, the Defendants failed to demonstrate that Maclin was able to exhaust his administrative remedies. As such, the Defendants' motion for summary judgment on exhaustion grounds is denied. The Court will issue an amended scheduling order at a later date.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (Docket # 14) is **DENIED**.

Dated at Milwaukee, Wisconsin this 5th day of June, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge